TAYLOR, Judge.
Plaintiff-appellee, Daniel G. Van Acker, filed suit for divorce against his wife, the defendant-appellant, alleging. that the parties had lived separate and apart for two years without a reconciliation. Since defendant is a nonresident of this state, a curator ad hoc in the person of Mr. Anthony C. D’Antonio was appointed by *716 the court to represent Mrs. Van Acker in the matter.
From February 20, 1970, the date of his appointment as curator, Mr. D’Antonio actively represented Mrs. Van Acker in this proceeding. The record will reflect that Mr. D’Antonio filed and tried several exceptions to plaintiff’s suit, including one of lis pendens as Mrs. Van Acker has filed suit for absolute divorce against her husband in New York. In general Mr. D’Antonio kept the defendant well informed of the status of the present case as may be seen from the following colloquy Mr. D’Antonio had with the trial court:
“THE COURT:
“You have anything to offer?
“MR. D’ANTONIO:
“I have the letter, I don’t have it with me, I’ll bring it back tomorrow and offer it, the letter I sent to Mrs. Van Acker informing her of this particular nature.
“THE COURT:
“Do you have a letter in which you notified her you had been appointed Curator ?
“MR. D’ANTONIO:
“I notified her by telephone, I have talked to this lady at least three times a week since this matter started.
“THE COURT:
“So she knows this matter is pending?
“MR. D’ANTONIO:
“Yes.
“THE COURT:
“And has known it since its inception ?
“MR. D’ANTONIO:
“Yes, she knows every aspect of the case and everything I’ve done thus far.”
Indeed counsel for plaintiff has informed this court that one of the reasons Mr. D’Antonio was appointed curator ad hoc was that he had represented defendant continuously for two years and was familiar with the facts and the parties involved in this litigation.
On the morning the case was set for trial, May 13, 1970, present counsel for defendant, Mr. Floyd J. Reed, appeared before the court for the first time. He informed the trial judge that he had received a telephone call the previous afternoon from a person purporting to be the defendant at which time the person advised him that she wished to employ his services in the defense of this matter. Mr. Reed did not at this time present a motion to the court requesting that he be made counsel of record nor did he advise the court that he was then acting as Mrs. Van Acker’s counsel. However, he made an oral motion for a continuance of one week in order that he might conduct an investigation to determine if any defenses were available to defendant. The trial judge agreed to grant a continuance of the matter until May 18, 1970 but Mr. Reed refused to accept this offer, insisting that he must have one week, or until May 20, 1970. Upon Mr. Reed’s refusal the trial judge overruled the motion for a continuance and proceeded with the trial, the curator representing defendant in the matter.
After all evidence was introduced, judgment of divorce a vinculo matrimonii was granted in favor of plaintiff and against defendant. From this judgment defendant has appealed to this court. The sole assignment of error is that the trial judge abused his discretion in not granting counsel’s motion for a continuance.
Mr. Reed was not counsel of record at the time the motion for a continuance was made and therefore had no standing to make such a motion on behalf of defendant in this matter. Mr. D’Antonio still represented Mrs. Van Acker and he made no *717 such motion for a continuance nor did he attempt to withdraw as counsel of record at the time of the trial.
LSA-C.C.P. art. 1601 provides that a continuance may be granted if there is good reason. It is therefore discretionary with the trial judge, except in cases covered by LSA-C.C.P. art. 1602, to determine when justice demands that one party be given extra time in order to properly present his case. We are of the opinion that the trial court did not abuse its discretion in this matter. Defendant was adequately represented by counsel at the time of the trial and she has in no way been denied her right of due process of law.
For the foregoing reasons the judgment of the lower court is affirmed. Costs of this proceeding to be borne by defendant-appellant.
Affirmed.